**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| ERIC MINTON, on behalf of himself and others similarly situated,<br><br>13700 Paradise Church Road<br>Hagerstown, MD 21742<br>(Washington County)<br>Plaintiff,<br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>1000 Fed Ex. Drive,<br>Moon Township, PA 15108<br><br>Defendant. | Case No: 1:24-cv-1224 |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Eric Minton ("Plaintiff") brings this class action lawsuit against FedEx Ground Package System, Inc. ("Defendant"), seeking all available relief under the Maryland Wage and Hour Law ("'MWHL"), Md. Code, Labor & Employ. §§ 3-401, *et seq.*; and the Maryland Wage Payment and Collections Law ("MWPCL"), Md. Code, Labor & Employ. §§ 3-501, *et seq.*; and alleges the following:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper under 28 U.S.C. § 1332(d) because (i) Plaintiff and members of the proposed class are citizens of states different from that of Defendant; (ii) there are over 100 members in the proposed class; (iii) Defendant is subject to personal jurisdiction in Maryland; and (iv) upon information and belief, the aggregate damages sought on behalf of Plaintiff and the putative class exceeds $5 million.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual residing in Hagerstown, Maryland.

4. Defendant is a Delaware corporation headquartered at 1000 Fed Ex Drive, Moon Township, PA 15108.

## FACTS

5. Defendant "is a leading North American provider of small-package ground delivery services."[1] It "provides seven-day-per-week residential delivery to virtually all of the U.S. population."[2]

6. To support its package delivery services, Defendant operates hundreds of "sortation and distribution facilities", including "hubs" and "stations," throughout the United States.[3]

7. A number of Defendant's sortation and distribution facilities are located in Maryland (collectively "the Maryland Warehouses"), including, upon information and belief, in Hagerstown, Edgemere, Gaithersburg, Halethorpe, and White Marsh, Maryland.

8. Defendant's Maryland Warehouses are physically large spaces.

9. At the Maryland facilities, Defendant employs workers who are paid an hourly wage and hold the job titles of Package Handler and Seasonal Package Handler (collectively "Package Handlers").

10. From approximately September 12, 2017 until the present, Plaintiff has been

---

[1] FedEx Corporation's Annual Report (a.k.a. Form 10-K Report) for the Fiscal Year ended May 31, 2023 at p. 2.
[2] *Id.* at p. 13.
[3] *Id.* at p. 14.

employed by Defendant as a Package Handler at the Hagerstown facility, which is located at 11825 New Gate Boulevard, Hagerstown, MD 21740 (the "Hagerstown Warehouse").

11. Plaintiff, like other Package Handlers, is paid an hourly wage.

12. Plaintiff, like other Package Handlers, is classified as non-exempt from overtime.

13. Plaintiff, like other Package Handlers, is entitled to and paid overtime compensation when he works more than 40 hours per week.

14. FedEx promised to pay Plaintiff and other Package Handlers an hourly rate of pay for the hours they worked.

15. FedEx promised to pay Plaintiff and other Package Handlers at a rate of one-and-one half times their hourly rate of pay for the hours they worked over 40 in a workweek.

16. Plaintiff, like many other Package Handlers, sometimes works over 40 hours per week.

17. At the beginning of each shift, Defendant has required Plaintiff and other Package Handlers to perform the following mandatory activities ***before*** they clocked-in for payroll purposes at timekeeping devices located near their assigned work location: (i) waiting for and undergoing security screenings inside a building located on Defendant's premises; (ii) walking on Defendant's premises from the screening area to the warehouse; and (iii) walking within the warehouse to the timekeeping device.

18. At the end of each shift, Defendant has required Plaintiff and other Package Handlers to perform the following mandatory activities ***after*** they clocked-out for payroll purposes at timekeeping devices located near their assigned work location: (i) walking within the warehouse from the timekeeping device to the warehouse exit; (ii) walking on Defendant's premises from the warehouse to the screening area; and (iii) waiting for and undergoing security

screenings inside the screening area.

19. In calculating the wages owed to Plaintiff and other Package Handlers, Defendant does not award payroll credit for all time associated with the mandatory pre-shift and post-shift activities summarized in paragraphs 16-17 above. As such, Defendant does not provide Plaintiff and other Package Handlers with any compensation for time associated with these mandatory activities.

20. The MWHL and MWPCL respectively require Defendant to compensate Plaintiff and other Package Handlers for all overtime and time associated with the mandatory pre- and post- shift activities as they took place on Defendant's premises, at prescribed workplaces, and for requiring its workers to be on duty for the security screenings. Code of Maryland Regulations ("COMAR") 09.12.41.10(A) ("Hours of work' means the time during a workweek that an individual employed by an employer is required by the employer to be on the employer's premises, on duty, or at a prescribed workplace"); *see also Amaya v. DGS Construction, LLC*, 278 A.3d 1216, 1240, 1246 (Md. 2022) (holding that the federal Portal-to-Portal Act, which amends the Fair Labor Standards Act ("FLSA") to exclude certain activities as compensable under the FLSA, "has not been adopted or incorporated into the MWHL, the MWPCL, or in COMAR" and that COMAR's definition of "hours of work" therefore includes activities that are not compensable under the federal Fair Labor Standards Act); Maryland Department of Labor, What is Work? - The Maryland Guide to Wage Payment and Employment Standards ("Work is service performed by an employee at the request and under the control of an employer and, therefore, on the employer's time. . . . Work does not necessarily require an employee to do or accomplish anything. Work may only involve fulfilling the requirements or following the directions of the employer—even where an employer instructs a worker to report to the jobsite at

7 AM and do nothing until called on"), *available at* https://www.dllr.state.md.us/labor/wagepay/wpwhatiswork.shtml) (last visited April 24, 2024).

21. The total amount of uncompensated time Package Handlers spend undergoing the mandatory pre-shift and post-shift activities summarized in paragraphs 16-17 above is not insignificant for these workers, who work for hourly wages.

## CLASS ALLEGATIONS

22. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all individuals who have been employed by Defendant in any Maryland Warehouse in the job title of Package Handler, Seasonal Package Handler, or any similar hourly position during at least one week since April 25, 2021.

23. Class action treatment of Plaintiff's claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. *See, e.g.*, *Alfonso v. FedEx Ground Package Sys., Inc.*, 2024 WL 1007220, at *12-16 (D. Conn. Mar. 8, 2024) (finding Rule 23 factors satisfied and certifying class of at least 20,000 hourly workers employed at FedEx Ground warehouses in Connecticut who allegedly were not paid for pre- and post-shift spent in security screening and walking to and from time clocks in violation of Connecticut law).

24. The class, upon information and belief, includes thousands of individuals, all of whom are readily ascertainable based on standard business records and are so numerous that joinder of all class members is impracticable.

25. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

27. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common timekeeping, payroll, and compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I – VIOLATION OF MWHL**

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The MWHL requires that covered employees receive "an overtime wage of at least 1.5 times the usual hourly wage" for hours worked over 40 in a single week. *See* Md. Code, Labor & Employ. § 3-415(a).

31. The MWHL entitles employees to compensation for "all hours worked" in a workweek. Such compensable time includes, *inter alia*, all "time during a workweek that an individual employed by an employer is required by the employer to be on the employer's premises, on duty, or at a prescribed workplace." COMAR 09.12.41.10 (A); *see also Amaya v. DGS Construction, LLC*, 479 Md. 515, 278 A.3d 1216 (2022).

32. Plaintiff and other members of the class are covered employees of Defendant entitled to the MWHL's protections.

33. Defendant is an employer covered by the MWHL.

34. Defendant violated the MWHL by failing to compensate Plaintiff and the members of the class with the legally mandated overtime premium for time associated with the mandatory pre-shift and post-shift activities summarized in paragraphs 16-17 above.

35. In violating the MWHL, Defendant acted willfully and with reckless disregard of clearly applicable MWHL provisions.

36. Defendant's failure to comply with obligations under the Maryland Labor and Employment Code was willful, intentional, not in good faith, and not because of a *bona fide* dispute.

37. Pursuant to MD Code, Labor & Empl. § 3-427, employers, such as Defendant, who fail to pay an employee wages in conformance with the MWHL shall be liable to the employee for the wages or expenses that were not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II - VIOLATION OF THE MWPCL**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Defendant was and/or is the employer of Plaintiff and the other members of the class for purposes of Md. Cod, Labor & Employ. § 3-501.

40. Defendant failed to uphold its duty to pay all the "wages" as the term is defined in Md. Cod, Labor & Employ. § 3-501, including overtime, to the Plaintiff and the other members of the Class. By failing to pay Plaintiff and the members of the Class all compensation owed, Defendant violated the MWPCL.

41. The MWPCL requires employers to promptly pay employees "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. § 3-501(c)(1).

42. Defendant had a duty to pay whatever wages, as that term is used under the

MWPCL, that were due to Plaintiff and the members of the class on a regular basis. Defendant failed to uphold this duty in violation of the MWPCL by failing to pay Plaintiff and class members for time associated with the mandatory pre-shift and post-shift activities summarized in paragraphs 16-17 above. This failure to properly compensate its employees includes wages owed at both the regular rate of pay and overtime rate owed at time-and-a-half the regular rate under the MWHL, and are in contravention of the MWPCL.

43. Defendant's conduct constitutes violations of the MWPCL, Md. Code, Labor & Employ. §§ 3-501 *et seq.*, subjecting it to the MWPCL's treble damages provisions under § 3-507.2.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seeks the following relief: (i) unpaid wages including overtime wages; (ii) actual damages, interest, and statutory damages under the MWPCL and MWHL; (iii) litigation costs, expenses, and attorney's fees; and (iv) any other relief this Court deems just and proper.

Date: April 25, 2024

Respectfully submitted,

/s/ Sally Abrahamson

Sally Abrahamson
Maureen Salas (*pro hac vice* motion forthcoming)
Doug Werman (*pro hac vice* motion forthcoming)
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Peter Winebrake (*pro hac vice* motion forthcoming)
Deirdre A. Aaron (*pro hac vice* motion forthcoming)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Sarah R. Schalman-Bergen (*pro hac vice* motion forthcoming)
Krysten Connon (*pro hac vice* motion forthcoming)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(267) 256-9973

*Plaintiff's Counsel*