**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ERIC MINTON, on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | : | Civil Action No. 1:24-CV-01224-SAG |

USDC- BALTIMORE
'26 JUN 24 AM11:44

**ORDER**

Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs ("Fee Motion").

The Court previously granted preliminary approval of the class action settlement agreement ("Settlement Agreement" or "Agreement") reached between Plaintiff Eric Minton and Defendant FedEx Ground Package System, Inc., ECF No. 59.

Having considered the entirety of the record in this case, and having held a final fairness hearing regarding the Settlement Agreement, Plaintiff's Final Approval Motion and Fee Motion are GRANTED.

The Court hereby finds the following:

1. Capitalized terms not otherwise defined in this Order are defined in the Parties' Agreement.

2. The Court has jurisdiction over the subject matter of this Action.

## A. NOTICE TO SETTLEMENT CLASS

3. The record shows, and this Court finds, that the Notice Plan has been implemented in the manner approved by the Court. The Settlement Administrator, Rust Consulting, duly and timely completed the Notice Plan by mailing and emailing the Court-approved Notice to the Members of the Settlement Class, working to locate and re-mail Notices to persons whose initial mailing was returned undeliverable, and by maintaining a Settlement Portal (www.mintonfedexmd.com), a toll-free telephone number, and an email address for class member inquiries.

4. The Court finds that the Notice Plan as implemented constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to put the Settlement Class on notice of this litigation and the terms of the Settlement Agreement, their right to exclude themselves from the Settlement Agreement, or to object to any part of the Settlement Agreement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

5. There have been no objections to the Settlement Agreement by any Members of the Settlement Class, and only three (.009%) Exclusion Requests have been submitted by Members of the Settlement Class.

6. Due and adequate notice of the proceedings having been given to the Settlement Class, and a full opportunity having been offered to Members of the Settlement Class to participate in the Final Approval Hearing, it is hereby determined that all Members of the Settlement Class who did not exclude themselves are bound by this Final Approval Order and the Final Judgment.

7. Ahkya Westbrook, Cody Ambrisco, and Alejandro Rojas timely excluded themselves from the Settlement, and are hereby excluded from the Settlement.

8. The requirements of 28 U.S.C. § 1715 have been met because the Settlement Administrator on behalf of Defendant served a Notice of Proposed Class Action Settlement upon the required federal and state officials on February 13, 2026, and none of the recipients of that Notice have filed objections to the Settlement Agreement.

**B. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

9. The Settlement Agreement is a fair, reasonable, and adequate settlement for the Settlement Class within the meaning of Federal Rules of Civil Procedure 23 and in accordance with the factors identified by the Fourth Circuit.

10. The Settlement Agreement is fair, reasonable, and adequate because (i) it was reached only after significant investigation, discovery, and arm's-length negotiations, including a full-day, in-person mediation with experienced mediator Mark Shepard and subsequent negotiations facilitated by Mediator Shepard; (ii) the settlement negotiations were extensive, contentious, and arm's-length, and were facilitated by an experienced mediator; (iii) the proponents of the Settlement Agreement are represented by experienced counsel; (iv) substantial discovery was conducted in this case, including formal written discovery, depositions, the joint retention of a consultant to conduct measurements at Defendant's Maryland facilities, and

significant class-wide data analysis, to ascertain the strengths and weaknesses of the claims; (v) the relief provided by the Settlement Agreement is adequate—representing over 90% of back wages calculated by Plaintiff's experts—and serves the interests of the Settlement Class; (vi) there have been no objections to the Settlement Agreement from any Members of the Settlement Class; and (vii) there were substantial risks and delays associated with continued litigation, including legal questions of first impression regarding the scope of the *de minimis* doctrine under Maryland wage law and the application of *Amaya v. DGS Construction, LLC* to the security screening and walking time at issue.

11. The Court further finds that the plan of allocation fairly compensates members of the Settlement Class based on their relative tenure and treats members of the Settlement Class equitably relative to each other.

## C. FINAL CERTIFICATION OF THE SETTLEMENT CLASS

12. In its preliminary approval Order, this Court preliminarily certified, for settlement purposes only, the following Settlement Class:

> Plaintiff Eric Minton and all persons employed by FedEx in hourly or non-exempt positions in Maryland who clocked in and out to work at any of the Maryland Facilities during the period April 25, 2021, through October 31, 2025.

13. The Court hereby finally certifies the Settlement Class and finds that the Settlement Class meets the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3). For the purposes of the Settlement Agreement, the Court finds that each of the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the Fourth Circuit have been satisfied with respect to the Settlement Class.

14. This Court finds that the following certification requirements continue to be met: (i) the number of Members of the Settlement Class—totaling approximately 32,359

individuals—is so numerous that joinder is impracticable; (ii) there are questions of law and fact common to the Settlement Class, including the legal compensability of the time spent undergoing security screening and walking to and from security screening areas and timeclocks; (iii) named Plaintiff's claims are typical of the claims of the Settlement Class, as he and all class members were subject to the same alleged failure to pay wages for the same categories of uncompensated time at the same Maryland facilities; (iv) named Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class; (v) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Members of the Settlement Class; and (vi) a class action is superior to all other available methods for fairly and efficiently adjudicating the controversy.

15. The Court confirms, for settlement purposes only, Plaintiff Eric Minton as the Class Representative of the Settlement Class, finding that he has and will continue to adequately represent the Settlement Class.

16. The Court confirms its appointment of Winebrake & Santillo, LLC; Werman Salas P.C.; and Lichten & Liss-Riordan, P.C. as class counsel per Civil Rule 23(g)(3), finding that they have adequately represented Plaintiff and the Settlement Class.

**D. APPROVAL OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARD**

17. The Court finds that the requested fee is reasonable and awards Class Counsel attorneys' fees equal to 33% of the $9,000,000 Gross Settlement Fund.

18. The Court finds that the requested costs are reasonable and grants Class Counsel's request for reimbursement of their expenses in the amount of $57,198.67 from the Gross Settlement Fund.

19. The Court finds that the requested service award to Plaintiff is reasonable and grants approval to the award in the amount of $15,000 from the Gross Settlement Fund to Plaintiff.

**E. OTHER PROVISIONS**

20. The Court confirms the appointment of Rust Consulting to serve as Administrator and continue to perform duties in accordance with the terms of the Agreement, and approves the payment of $115,000 as settlement administration costs from the Gross Settlement Fund.

21. Settlement Class Counsel and Counsel for Defendant are hereby authorized to use all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Final Approval Order or the Settlement Agreement.

**ACCORDINGLY, IT IS HEREBY ORDERED, THAT:**

22. Plaintiff's Final Approval Motion and Fee Motion are GRANTED;

23. The Settlement Agreement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

24. The Settlement Class is finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3), with Eric Minton as Settlement Class Representative;

25. Winebrake & Santillo, LLC; Werman Salas P.C.; and Lichten & Liss-Riordan, P.C. are hereby appointed as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g);

26. Rust Consulting is hereby appointed as Settlement Administrator;

27. The Releasing Parties as defined in the Settlement Agreement are hereby declared to be bound by the terms of the release set forth in the Settlement Agreement ("Release"), which are incorporated herein and are hereby deemed to have released and forever discharged Defendant and all Released Parties from all Released Claims as defined in the Settlement Agreement.[1] This Release is

---

[1] "Released Claims" is defined in the Settlement Agreement for Settlement Class Members as all wage and hour claims accrued from the beginning of the Class Period through October 31, 2025 that either were raised in the Action or are reasonably related to the claims raised in the Action

approved and is effective as to all Members of the Settlement Class who were not timely and properly excluded from the Settlement Class as identified in Paragraph 7. The Plaintiff and the Members of the Settlement Class who were not timely and properly excluded from the Settlement Class as identified in Paragraph 7 are hereby bound by the terms of the release set forth in the Settlement Agreement and are hereby enjoined and barred from asserting any Released Claims against any of the Released Parties as defined in the Settlement Agreement;

28. Plaintiff and Defendant are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement, and the Court expressly adopts and incorporates herein all of the terms of the Agreement;

29. The Plan of Allocation is hereby finally approved; distributions to Settlement Class Members shall be made in accordance therewith;

30. The Court finds there is no just reason for delay and that this Order shall be deemed a FINAL JUDGMENT as to all claims asserted in this action under Rule 54(b) of the Federal Rules of Civil Procedure; and

31. Should the parties to the Settlement Agreement or the Members of the Settlement Class bound thereby fail to honor the terms of this Order, the non-breaching party may petition the Court for enforcement of this Final Judgment Order. The Court retains jurisdiction to enforce the Settlement Agreement, including its administration and consummation.

**IT IS SO ORDERED.**

Dated: June 24, 2026

Hon. Stephanie Gallagher
United States District Judge

---

against Federal Express Corporation, as successor by merger to FedEx Ground Package System, Inc. or and its parents, subsidiaries, affiliates, officers, directors, insurers, and assigns, including all such claims relating to failure to pay wages, wage notification, posting, deduction, withholdings, recordkeeping and paycheck claims, meal and rest breaks, and any related statutory, common law and equitable (e.g., breach of contract, unjust enrichment, etc.) including any related claims for liquidated damages, penalties, attorneys' fees and costs, penalties and interest, that could be pursued under the wage and hour laws of Maryland, the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., any applicable state, local or municipal law or regulation, whether known or unknown; and any and all derivative claims relating to unpaid wages, minimum wage or overtime compensation against the Defendant or Released Parties relating to the facts asserted in this Action. Released Claims by the Plaintiff shall also include the general release set forth in Paragraph 25 of the Settlement Agreement.